Argued November 8, affirmed December 31, 1973

MUCH ET UX, *Appellants, v.*
KOBERSTEIN ET UX, *Respondents.*

517 P2d 663

*T. W. Churchill,* Salem, argued the cause and filed briefs for appellants.

*Walter H. Grebe,* Portland, argued the cause and filed a brief for respondents.

Before O'CONNELL, Chief Justice, and MCALLISTER, DENECKE, HOLMAN, HOWELL and BRYSON, Justices.

O'CONNELL, C. J.

This is a suit to quiet title and to recover damages arising out of a trespass to real property. Defendants claimed title by adverse possession. The trial court held for defendants and plaintiffs appeal.

Plaintiffs have the record title to 40 acres which abut defendants' 40-acre parcel on the north. The land in dispute is a strip approximately 50 feet wide which comprises the southern end of the land described in the deed by which plaintiffs acquired title. The strip lies south of County Road 254 and is contiguous to defendants' land, which lies to the south.

To establish their claim by adverse possession, defendants called as witnesses several of the predecessors in title to plaintiffs' and defendants' parcels and also non-owners who had farmed the land at various times, who testified that the strip in question was cultivated up to the road except for the easterly part of the strip, which was a brushy area. There was testimony indicating that the fence line of the adjoining parcels ran just south of the road, generally in the same line as that claimed by defendants as marking their northerly boundary. Defendants adduced evidence to support their contention that a fence existed just south of the road and that survey markers also had been set which would tend to show that their north boundary line was treated as running close to the county road.

In addition to the evidence showing that defendants' land had been cultivated up to the road on the west side of the strip, there was evidence that defendants had continued to clear the brush area on the east side of the strip.

There was a considerable amount of testimony and some confusion concerning the location of survey markers intended to fix the boundaries of plaintiffs' and defendants' land. Plaintiffs introduced evidence tending to show that previous surveys had fixed their south line seventy feet south of the county road. On the other hand, defendants called the Yamhill county surveyor, who was of the opinion that the marker relied upon by plaintiffs was unreliable and he further testified that he had located a pipe marker which lined up with a fence line just south of the county road.

■■ It would serve no good purpose to recite in detail the evidence touching upon the foregoing points of dispute. We are of the opinion that evidence clearly supports defendants' claim of adverse possession. That evidence establishes that defendants and their predecessors farmed the disputed strip as if it were a part of the land to which they had record title. Although defendants did not cultivate the eastern edge of the strip which was in brush, their continuing effort to clear it constituted a use comparable to that which an owner would have made under similar circumstances and thus satisfied the test we have previously announced.①

The decree of the trial court is affirmed.

---

① See Arrien v. Levanger, 263 Or 363, 502 P2d 573 (1972); Hay v. Stevens, 262 Or 193, 497 P2d 362 (1972); Springer v. Durette, 217 Or 196, 342 P2d 132 (1959).